IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Edward "Coach" Weinhaus, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>Regina A. Scannicchio )<br>and Illinois Judges Association, )<br>)<br>        Defendants. ) | Case No. 1:24-cv-03061 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ILLINOIS JUDGES ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, Illinois Judges Association ("IJA"), by and through its attorneys, Progar Law Group LLC, and for its Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint, states as follows:

**I.    INTRODUCTION**

The Plaintiff, Edward "Coach" Weinhaus, filed a Complaint in the U.S. District Court for the Northern District of Illinois against the Defendants, Regina A. Scannicchio and Illinois Judges Association, pursuant to 42 U.S.C. § 1983, on April 17, 2024 (ECF No. 1).

In the Complaint, the Plaintiff claims that the Defendants violated his Constitutionally protected right to Due Process. The Plaintiff seeks to create a federal constitutional case apparently stemming from an Illinois domestic relations matter arising in the Circuit Court of Cook County, Illinois, in which the Defendant Judge Regina Scannicchio entered various Orders, and the denial of the Plaintiff's subsequent appeal of those Orders to the Illinois First District Court of Appeals. The subject domestic relations matter and appellate court case are not specifically identified anywhere in the Complaint, by case caption and/or case number, and the alleged involvement,

wrongful actions or conduct of the Defendant, Illinois Judges Association, in any of those matters is essentially non-existent and certainly not properly alleged by the Plaintiff beyond mere speculation, conjecture and conclusory statements.

The Complaint is simply a rambling diatribe against the Illinois judicial system, Judge Scannicchio, Illinois judges, Illinois appellate justices and the Illinois Judges Association, that fails to even contain threadbare recitals of the elements of a cause of action, let alone any discussion of the underlying facts or specificity as to the conduct of the Defendant, Illinois Judges Association, to support the Plaintiff's claims.

What is clear from the Plaintiff's Complaint is that ALL of the conduct of which he complains of in this case derives exclusively from the orders and decisions in the underlying Illinois domestic relations matter. In other words, the Plaintiff's only criticisms of the defendants in this case stem directly from the Illinois state domestic relations proceedings, including challenging the decisions made and Orders entered during the domestic relations proceedings. That is, ALL of the Plaintiff's claims challenge the Orders, Judgements and proceedings undertaken in the Illinois state court domestic relations matter, which, by its very definition, falls clearly under the purview of the *Rooker-Feldman* doctrine.

Based upon the "facts" set forth in the Complaint, the IJA should be dismissed from this lawsuit because the Plaintiff fails to state a claim against the IJA, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Additionally, the Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine and the domestic relations exception, and should therefore dismiss the IJA pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Further, the Plaintiff's claims should be dismissed based upon absolute, qualified and Eleventh Amendment judicial immunities. Accordingly, this Court should dismiss the Plaintiff's Complaint (ECF No. 1).

## II.     ARGUMENT AND AUTHORITIES

### A.     This Court does not have subject matter jurisdiction over this case.

The court must dismiss any action for which it lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  As the party asserting jurisdiction, the plaintiff has the burden of establishing it under Rule 12(b)(1).  *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009).  When considering a Rule 12(b)(1) motion to dismiss, the court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013).  The Court, however, may also consider evidence outside of the pleadings to ensure jurisdiction is proper. *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008).

"The court's task in resolving a Rule 12(b)(1) motion is a relatively limited one; it is only whether the court lacks authority to adjudicate the matter" and not whether plaintiff will ultimately succeed on the merits.  *Kenney v. Helix TCS, Inc.*, 284 F. Supp. 3d 1186, 1188 (D. Colo. 2018), motion to certify appeal granted, No. 17-CV-01755-CMA-KMT, 2018 WL 510276 (D. Colo. Jan. 23, 2018), and aff'd, 939 F.3d 1106 (10th Cir. 2019).  "Since federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction." *Beams v. Norton*, 327 F. Supp. 2d 1323, 1327 (D. Kan. 2004), aff'd, 141 F. App'x 769 (10th Cir. 2005).

### 1.  Plaintiff's action is barred by the *Rooker-Feldman* doctrine.

Federal district courts generally lack subject matter jurisdiction over claims that seek review of state court judgments and cases brought by state-court losers complaining of injuries caused by state-court judgments. See *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); Garcia, 2019 WL 2371718, at *2.  The *Rooker-Feldman* doctrine provides that a "United States District Court has no authority to review final judgments of a state court in judicial proceedings.

3

*Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923) (holding that "no court of the United States other than the [Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors).

The *Rooker-Feldman* doctrine precludes a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States District court, based on the losing party's claim that the state judgment violates the loser's federal rights. In other words, "[t]he *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments," *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006), and it thus bars claims, that seek to upset or undo prior state-court judgments. *Jackson v. Jackson*, 392 F. App'x 664 (10th Cir. 2010) (affirming the dismissal of a litigant's lawsuits against his ex-wife and state court judges alleging violations of his constitutional rights during the divorce proceedings).

Further, under this doctrine, "federal claims presented to the district court that were not raised in state court or that do not on their face require review of a state court's decision may still be subject to *Rooker–Feldman* if those claims are "inextricably intertwined" with a state court judgment." *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004), as amended on denial of reh'g and reh'g en banc (Aug. 3, 2004).

While "inextricably intertwined" is a somewhat metaphysical concept, the "crucial point is whether 'the district court is in essence being called upon to review the state-court decision.'". *Id.* at 533. "The determination hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Id.*

To determine whether *Rooker-Feldman* applies, Federal Courts must first identify the state court judgment(s) that the court cannot undo or review in any way, and, second, determine whether

4

the plaintiff's claims allege injury caused by the state court judgments in that the court would have to review and reject in order for the plaintiff to succeed. See *Kamilewicz v. Bank of Bos. Corp.*, 92 F.3d 506, 510 (7th Cir. 1996); Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993).

In the instant case, the Plaintiff is seeking to re-litigate state court orders and judgments entered in Illinois, which were adverse to him, and essentially is seeking damages from those that he believes were responsible for the entry of those orders and decisions under the guise of a violation of his due process rights in state court which he maintains prohibited him from seeking redress through the Illinois state court system. The Plaintiff attacks the state court's orders and judgments, and thus asks this Court to review and reject those decisions in order for the plaintiff to succeed, which is prohibited.

Further, it is readily evident that the Plaintiff's alleged injuries are inextricably intertwined with the prior state court proceedings, which would inherently cause the Court to review and upend the prior state court orders and judgments, no matter how pled, and is precisely the type of claim encompassed by the *Rooker-Feldman* doctrine. As such, this Court lacks jurisdiction to issue such relief and should dismiss this case under Fed. R. Civ. Proc. 12(b)(1).

**2. Federal Courts lack jurisdiction over domestic-relations matters.**

The root issue underlying the Plaintiff's allegations is an Illinois state court domestic relations matter and the Plaintiff's repeated challenges of the Illinois state court orders. This court does not have subject-matter jurisdiction over domestic relations matters. *Garcia v. Fox, et. al.*, No. 18-CV-04205, 2019 WL 2371718, at *2 (N.D. Ill. June 5, 2019).

The domestic relations exception to jurisdiction is a judicially-created exception. Beginning in 1858, the Supreme Court noted that domestic relations issues were better suited for state courts than federal courts. See *Vaughan v. Smithson*, 883 F.2d 63, 64-66 (10th Cir. 1989)

5

(tracing the history of the doctrine and the "contemporary rationale" for it today); *Schnakenburg v. Krilich*, No. 1:21-CV-02259, 2021 WL 5564874, at *4 (N.D. Ill. Nov. 29, 2021); *Newman v. Indiana*, 129 F.3d 937, 939 (7th Cir.1997) ("The subject of domestic relations ... is the primary responsibility of the state courts, administering state law, rather than the federal courts."). This exception covers domestic issues not only regarding husbands and wives, such as divorce and alimony, but also regarding parents and children, such as custody or support. "[I]t is well established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child." *Gordon v. Respondent*, 2007 WL 628205, at *1 (D. Kan. 2007); see also *Cassens v. Cassens*, 430 F. Supp. 2d 830, 834 (S.D. Ill. 2006); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (noting that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States") (internal quotations omitted). This rule—known as the "domestic-relations exception"—means that "a federal court cannot 'reopen, reissue, correct, or modify' an order in a domestic-relations case." *Alfaro v. Cty. of Arapahoe*, 766 F. App'x 657, 659 (10th Cir. 2019) (internal quotations omitted); see also *Azizarab v. State*, No. 99 C 8167, 2000 WL 152140, at *2 (N.D.Ill. Feb.4, 2000) ("Core matters of family law, such as divorce and child custody, are considered to be the province of the state courts. Federal courts have accepted, and Congress has acquiesced in, the rule that federal courts do not exercise jurisdiction to decide them.").

  Here, the Plaintiff's action seeks to relitigate state court determinations regarding a domestic relations matter, and thus under the domestic relations exception, this Court is without subject matter to hear such claims. Furthermore, the Seventh Circuit has interpreted the domestic relations exception quite broadly, in absolute terms. It has stated that the domestic relations exception not only applies "when a litigant asks a federal court to provide one of the unique forms

6

of relief associated with domestic relations (e.g., a decree regarding divorce, alimony, or child custody)", but also "when the issued raised by the litigant in federal court is ancillary to the domestic-relations proceedings in state court." *Sheetz v. Norwood*, 608 F. App'x 401, 404 (7th Cir. 2015) (internal citations omitted); see also *Jones v. Brennan*, 465 F.3d 304, 308 (7th Cir.2006); *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir.1998).

Whether the Plaintiff categorizes this action as having anything to do with his domestic relations matter or not, Federal Courts have interpreted the domestic relations exception quite broadly, and it would be impossible for this Court to address the issues raised by the Plaintiff in federal court without directly reviewing the ancillary state court domestic relations proceedings.

Similarly, the Plaintiff's incoherent and insufficient allegations of constitutional defects collateral to the actual domestic relations decisions do not invoke this Court's jurisdiction. See *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 512, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982). Even assuming the truth of Plaintiff's constitutional allegations, for the purposes of a Motion to Dismiss, this Court is not precluded from dismissing the Plaintiff's claims when such claims lack subject-matter jurisdiction.

As such, this Court lacks subject-matter jurisdiction over this domestic relations matter and should dismiss this case under Fed. R. Civ. Proc. 12(b)(1).

### B. The Plaintiff's Complaint fails to state any claims against the Defendant, Illinois Judges Association, and must be dismissed.

For a pleading to survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). This requires plaintiffs to include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The only allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Id.* at 678-679. "Complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987). The complaint must give the defendants "fair notice of what the . . . claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. While the Court accepts the Plaintiff's allegations as true, it does not require the Court to decide the unraised issues or to seek out legal issues lurking within the confines of the litigant's pleadings." *Kiebala v. Boris*, 928 F.3d 680, 684-85 (7th Cir. 2019). Even under this liberal pleading standard, the Plaintiff's Complaint does not pass muster.

**1. 42 U.S.C. § 1983 – Civil action for deprivation of rights**

The Plaintiff fails to state a claim under 42 U.S.C. § 1983. As such, this Court should dismiss the Plaintiff's Complaint. *See* Fed. R. Civ. P. 12(b)(6).

To state a claim under § 1983, a plaintiff must show that defendants, while acting "under color of state law," deprived plaintiff of his constitutional or statutory rights. *Shabazz v. Vacco*, No. 97 Civ. 3761 (DC), 1998 WL 901737, at *2 (S.D.N.Y. Dec. 28, 1998) (citing *Pitchell v. Callan*, 13 F.3d 545, 547-48 (2d Cir. 1994)); see 42 U.S.C. § 1983. To withstand a motion to dismiss, a § 1983 complaint must set forth specific factual allegations indicating a deprivation of constitutional rights. *Shabazz*, 1998 WL 901737, at *2; see *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir.1987) ("[B]road, simple, and conclusory statements are insufficient to state a claim under § 1983.").

8

With regards to the claims against the Defendant, Illinois Judges Association, the Plaintiff's Complaint appears to allege that the conduct of the Illinois Judges Association violated his constitutional and substantive due process rights. However, the Plaintiff's Complaint is completely devoid of factual substance to support his constitutional claims asserted against the Illinois Judges Association, a private corporate business organization.

The Plaintiff asserts a claim under § 1983 but fails to make clear the right or rights on which the claim is founded and fails to allege specific factual allegations indicating a deprivation of constitutional rights. The Plaintiff fails to state any federal claim, either under the Constitution or any federal law. The Plaintiff does not even allege any dates or timeframe as to when any alleged violations may have occurred, nor does he state or allege the specific state court actions (by case caption or case number) that he references generally throughout his Complaint and purportedly give rise to his claim.

Moreover, the Defendant, Illinois Judges Association, is not capable of being sued as there are insufficient allegations of personal involvement. "To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citation omitted). Further, a plaintiff must allege specific facts to demonstrate that the defendant was personally or directly involved in the violation, that is, that there was "personal participation by one who ha[d] knowledge of the facts that rendered the conduct illegal." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir.2001).

2. **The Defendant, Illinois Judges Association, cannot be sued under § 1983 because it is a private business organization, not a state actor and cannot act under the "color of law."**

9

The Plaintiff acknowledges that one of the necessary elements of a claim under 42 U.S.C. § 1983 is that the conduct complained of was committed by persons acting under color of law. (Complaint ¶ 93). The Plaintiff, with complete disregard for the fact that the Defendant, Illinois Judges Association, is an Internal Revenue Code § 501(c)(6) private business organization (Complaint ¶¶ 3, 13) and not a State actor, alleges that the Defendant, Illinois Judges Association, acted under "color of law" that resulted in judicial determinations that denied appellate rights. (Complaint ¶ 93). The Plaintiff makes no allegations as to how the Defendant, Illinois Judges Association, acted in a way that resulted in judicial determinations that denied appellate rights, which stands to reason since only the Judge in the Circuit Court of Cook County domestic relations matter and the Illinois Court of Appeals justices have the authority to take such actions.

In § 1983 actions, the U.S. Supreme Court has held that the color of law requirement is: "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of state law.'" *U.S. v. Temple*, 447 F.3d 130, 138 (2nd Cir. 2006) (internal citations omitted). "Personal pursuits do not meet the color of law requirements and to establish that a defendant was acting under color of state law, it must be alleged that the abuse was made possible only because the wrongdoer is clothed with the authority of state law." *Id.*

Because the only cause of action asserted against the Defendant, Illinois Judges Association, is based on a due process violation, which cannot be violated by private actors such as the Illinois Judges Association, and the Plaintiff makes no allegations that the Illinois Judges Association has any authority granted to it by the State of Illinois to make judicial determinations that deny appellate rights in any Illinois state court, the Plaintiff has failed to state any claim for

10

which relief can be granted against the IJA. Therefore, Plaintiff's Complaint should be dismissed in its entirety against the Defendant, Illinois Judges Association.

    **C.    Plaintiff's claims should be dismissed based upon judicial immunity.**

The Plaintiff asserts claims pursuant to § 1983 based on alleged violations of his Constitutionally protected right to due process and being prohibited from seeking redress through the Illinois State Court system.

Factually, the Plaintiff's claims are primarily premised on the proceedings in a domestic relations matter in the State of Illinois. The Plaintiff is dissatisfied with the outcome of the proceedings in the state court of Illinois and now seeks to collaterally attack those orders by filing a civil action in federal court against those he perceives (i.e. judges) to have been involved in the Illinois state court proceedings.

The Plaintiff is essentially suing the IJA under § 1983 for presumably its judicial members' individual actions taken in their respective roles as Illinois State Court Judges, although those judges are not named as defendants in this action, except for Judge Scannicchio. In so far as any individual actions taken by those judges that could imputed on the Defendant, Illinois Judges Association, in its individual capacity (if any), the Illinois Judges Association is entitled to dismissal based on absolute or qualified immunity.

    **1. Absolute judicial immunity**

Absolute judicial immunity is a well-established and settled doctrine. See *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967). A judge is only liable for those acts taken in the clear absence of all jurisdiction. *Bradley v. Fisher*, 80 U.S. 335, 351 (1872). *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) ("In fact, judicial immunity applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with

malice as has been alleged in this case."). The doctrine is so well established that asserting claims against a judicial officer can warrant sanctions. See *Marley v. Wright*, 137 F.R.D. 359 (W.D.Okla 1991). Here, the Defendant, Illinois Judges Association, is being sued solely based on the individual actions of its members allegedly taken in their roles as Illinois state court judges.

In so far as any of the Plaintiff's claims are based upon actions imputed upon the Illinois Judges Association individually, the Defendant, Illinois Judges Association, is entitled to dismissal based on absolute immunity.

### 2. Qualified judicial immunity

The issue of qualified immunity is a question of law for the Court's determination. *Mitchell v. Forsyth*, 472 U.S. 511, 528 n. 9 (1985). Like absolute immunity, qualified immunity is a complete defense to suit and should be determined at the earliest possible stage in the litigation before any further proceedings in the matter, including discovery, are allowed. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1986) ("one of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the broad-ranging discovery that can be particularly disruptive of effective government. [citation omitted]. For this reason, we emphasize that qualified immunity questions should be resolved at the earliest possible stage of a litigation."); see also *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

Here, in so far as any actions by the Defendant's judicial members allegedly taken in their roles as Illinois state court judges could be imputed on the Defendant, Illinois Judges Association, in its individual capacity (if any), the Defendant, Illinois Judges Association, is entitled to dismissal of the Plaintiffs' § 1983 claim based on qualified immunity.

The qualified immunity doctrine shields government officials from personal liability under § 1983 "unless their conduct violates 'clearly established statutory or constitutional rights of which

a reasonable person would have known.'" *Baptiste v. JC Penney Co., Inc.*, 147 F.3d 1252, 1255 (10th Cir. 1998) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

To overcome the defense of qualified immunity, plaintiff must overcome a "heavy two-part burden." *Albright v. Rodriquez*, 51 F.3d 1531, 1534 (10th Cir. 1995). Plaintiffs must show (1) "that the defendant's actions violated a constitutional or statutory right" and (2) that the right "allegedly violated [was] clearly established at the time of the conduct at issue." *Id.*

Under the pleading standards of the Federal Rules of Civil Procedure, the alleged actions of the Defendant's judicial members do not violate Plaintiffs' rights so as to create a viable cause of action pursuant to § 1983.

The first part of the test for whether qualified immunity applies is simply whether the Plaintiff has actually pled a viable constitutional (or statutory) claim sufficient for a § 1983 action. *Albright* at 1534. The Plaintiff here has not done so as the totality of his allegations against the Defendant, Illinois Judges Association, and its judicial members reflects nothing more that disagreement with the outcome of the state court domestic relations proceedings.

The alleged actions of the Defendant, Illinois Judges Association, and its judicial members, did not violate the Plaintiff's rights under the U.S. Constitution so as to create a viable cause of action pursuant to § 1983 under the clearly established law at that time.

Once the defense of qualified immunity is raised, the Plaintiff has the initial burden of directing the court to supporting authority. See *Gutierrez v. Cobos*, 841 F.3d 895, 901–02 (10th Cir. 2016). In the absence of such authority, the Plaintiff's claims against the Defendant, Illinois Judges Association must be dismissed based on qualified immunity, in so far as any individual actions by the Defendant's judicial members allegedly taken in their roles as Illinois state court judges that could imputed on the Defendant, Illinois Judges Association.

13

3. **Plaintiff's claims against the Defendant, Illinois Judges Association, based upon its judicial members actions in their official capacities, should be dismissed.**

To the extent that the Plaintiff is attempting to sue the Defendant, Illinois Judges Association, based upon any actions taken by its judicial members in their official capacities (if any) that could imputed on the Defendant, Illinois Judges Association, such claims are barred by the 11th Amendment to the U.S. Constitution.

Official capacity suits against state officials or employees under § 1983 are treated as if against the state itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Eleventh Amendment applies to shield the state and "arms of the state" from suit in federal court. *Duke v. Grady Mun. Sch.*, 127 F.3d 972, 974 (10th Cir. 1997) (citations omitted). The Eleventh Amendment confirms the sovereignty of the states by providing a shield from suits by individuals absent state consent. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). To ensure the enforcement of federal law, however, the Eleventh Amendment does permit suits against state officials and employees in their official capacities when plaintiff seeks only prospective injunctive relief for a federal violation. *Ex Parte Young*, 209 U.S. 123 (1908); see also *Barger v. State of Kan.*, 620 F.Supp. 1432, 1436 (D. Kan. 1985). Thus, for official capacity claims, federal courts may grant prospective equitable relief, including appropriate ancillary measures, but cannot award retrospective relief such as damages and declaratory relief. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232–33 (10th Cir. 2004); *Medcalf v. State of Kan.*, 626 F. Supp. 1179, 1183–84 (D. Kan. 1986) (citing *Pennhurst State Sch. & Hosp.*, 465 U.S. 89, 118–20 (1984)).

Thus, to the extent that the Plaintiff is seeking damages or declaratory relief against the Defendant, Illinois Judges Association, based upon any actions taken by its judicial members in their official capacities, the Plaintiff's § 1983 claim is barred by 11th Amendment immunity.

**III.     CONCLUSION**

For all the foregoing reasons, this Court should grant the Defendant, Illinois Judges Association's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim against the Defendant, Illinois Judges Association, and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine and the domestic relations exception. Further, the Plaintiff's Complaint should be dismissed based upon absolute, qualified and Eleventh Amendment judicial immunities.

                                                Respectfully Submitted,

                                                ILLINOIS JUDGES ASSOCIATION

                                                By: */s/ Joseph Pierotti, Esq.*
                                                     Joseph Pierotti, Esq.
                                                     One of its Attorneys

Michael J. Progar, Esq. (ARDC No. 6181280)
Joseph Pierotti, Esq. (ARDC No. 6225847)
PROGAR LAW GROUP LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630 / (312) 630-9001 (Fax)
Service via e-mail accepted: JP@ProgarLaw.com

## **CERTIFICATE OF SERVICE**

I, Joseph Pierotti, certify that on June 25, 2024, a true and correct copy of the foregoing was served and filed using the Court's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*/s/ Joseph Pierotti, Esq.*
Joseph Pierotti, Esq.