# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Edward "Coach" Weinhaus
            Plaintiff,

v.                   Case No.: 1:24−cv−03061
                  Honorable John Robert Blakey

Regina A Scannicchio, et al.
            Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, June 28, 2024:

  MINUTE entry before the Honorable John Robert Blakey: This case has been reassigned to the calendar of the Honorable John Robert Blakey. The litigants are ordered to review and fully comply with all of this Court's standing orders, which are available on Judge Blakey's information page on the Court's official website: http://www.ilnd.uscourts.gov/. During the litigation, the attorneys must also appear at all hearing dates set by the Court or noticed by the parties. If an attorney has a conflict with a set court date, the attorney must notify Judge Blakey's Courtroom Deputy, Gloria Lewis, at Gloria_Lewis@ilnd.uscourts.gov. If appropriate, the Court will then reset the matter. Advising opposing counsel of a scheduling conflict is not a substitute for communicating directly with the Court. On its initial review of the docket, the Court notes that Plaintiff has appeared via counsel whose appearance form indicates that he is not a member of this Court's general bar or trial bar. Local Rule 83.12 provides that, "except as provided in LR 83.14 and as otherwise provided in this rule, only members in good standing of the general bar of this Court may enter an appearance on behalf of a party; file pleadings, motions or other documents; sign stipulations; or receive payments upon judgments, decrees or orders." Moreover, a review of Plaintiff's complaint shows that this Court lacks jurisdiction to consider his claim as pled. The Rooker−Feldman doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments... no matter how erroneous or unconstitutional the state court judgment may be." Swartz v. Heartland Equine Rescue, 940 F.3d 387, 390 (7th Cir. 2019), cert. denied, 140 S. Ct. 2510 (2020). "The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." Id. Moreover, "the Rooker−Feldman bar is jurisdictional; violations of it cannot be waived and thus preclude a court from considering the merits of the claim." Id. Here, Plaintiff alleges that "nothing in this action requests or demands the undoing of any state court action. Instead, it seeks damages caused by non−judicial actions and prevention of future rights−depriving behavior by the Defendants. Most importantly, it seeks preventing members of the Illinois Judges Association from conspiring against the public and to transform it into a "Good" Business League of Judges if that's possible." [1] 9. But Plaintiff's substantive allegations undermine his representations: he alleges in count I that the state court trial and appellate judges lacked impartiality in their handling of litigation involving Plaintiff, and any assessment of that claim necessarily implicates the validity of

the state courts' determinations. To the extent Plaintiff claims to be seeking prospective relief for future litigants, he lacks standing to do so. See, e.g., O'Shea v. Littleton, 414 U.S. 488, 49596, 94 S. Ct. 669, 676, 38 L. Ed. 2d 674 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects."); City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983) ("speculation is insufficient to establish the existence of a present, live controversy"); Schirmer v. Nagode, 621 F.3d 581, 585 (7th Cir. 2010) (to establish standing to seek prospective relief, a plaintiff must show, inter alia, that he is under threat of an actual and imminent injury in fact). For these reasons, the Court dismisses Plaintiff's complaint [1] for lack of jurisdiction and denies as moot Defendant's motion to dismiss [13]. If Plaintiff can, consistent with his obligations under Federal Rule of Civil Procedure 11, amend his complaint to allege a viable federal claim against a proper defendant, he may amend his complaint by 7/22/24. To pursue this matter through counsel, however, he must be represented by an attorney who can demonstrate compliance with this Court 9;s rules and standing orders. If Plaintiff fails to comply, the Court will dismiss this case. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.