IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Edward "Coach" Weinhaus**, <br><br> Plaintiff, <br><br> v. <br><br> **Regina A. Scannicchio**, and **Illinois Judges Association**, <br><br> Defendants. | Case No.: 1:24-cv-03061 <br><br> Judge: John Robert Blakey |

## FIRST AMENDED COMPLAINT

Plaintiff Edward "Coach" Weinhaus ("Plaintiff"), for violations of his Due Process rights by Defendants Regina A. Scannicchio ("Scannicchio") and the Illinois Judges Association ("IJA"). In support of his claim, Plaintiff states as follows:

## PARTIES

1. Plaintiff Edward "Coach" Weinhaus is a citizen of Missouri, resident of St Louis, and member of the Illinois, Missouri, and California Bars.

2. Defendant Regina A. Scannicchio is a citizen of the state of Illinois and resident of Cook County, Illinois.

3. Defendant Regina A. Scannicchio is the Presiding Judge of the Domestic Relations Division of the Circuit Court of Cook County, Illinois and has served on the Board of Directors of the IJA since at least 2021 and through the current time where she fulfills her duties.

4. Defendant Illinois Judges Association is an Illinois-based business league, as defined pursuant to 26 CFR § 1.501(c)(6)-1, and is located in Chicago, Illinois.

1

5. The Illinois Judges Association is a quasi-governmental body that oversees the appointment of judicial ethics members and, upon information and belief, approves various appointments throughout the state's unified court system.

6. Five of seven of the current Illinois Supreme Court are affiliated with the Illinois Judges Association. The Illinois Judges Association is empowered by the Illinois Supreme Court. Half of the committee the Illinois Supreme Court relies on for ethics must be appointed by the Illinois Judge's Association (the Illinois Judicial Ethics Committee). These rules are then adopted by the Illinois Supreme Court. The state of Illinois markets its affiliation with the Illinois Judges Association on its website. Upon information and belief, the state of Illinois reimburses members for their dues to the Illinois Judge's Association.

7. The Illinois Judges Association provides any number of benefits to its members including, *inter alia*, coordinated actions by its members to mitigate the threat or harm ethical complaints would have on its members and makes a coordinated effort to quash negative sentiments about its members.

8. The Illinois Judges Association benefits its members by ensuring they defend each other in ethical matters and encourages its members to act cooperatively to defend one another.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff alleges violations of a constitutionally protected right and brings this lawsuit pursuant to a federal statute 42 U.S.C. § 1983.

10. The Court has personal jurisdiction over Defendants because each of the Defendants resides and currently does business within the Northern District of Illinois and importantly, each of the acts giving rise to this lawsuit occurred in the Northern District of Illinois.

11. Further, the Court has jurisdiction because here, like in <u>Kowalski v. Boliker</u>, 893 F.3d 987, 995 (7th Cir. 2018), the Plaintiff is seeking redress for damages done by Defendants for the *interference* with his state court proceedings and rights attendant thereof.

12. Further, nothing requested herein seeks to overturn or re-litigate the underlying state court matters in in violation of the <u>Rooker-Feldman</u> doctrine.

13. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because all of the acts giving rise to Plaintiff's claim occurred in this District.

## **PLAINTIFF'S ALLEGATIONS**

14. Plaintiff resided in Illinois for less than a year in 2012 - 2013 and during that time he instituted the Illinois Dissolution Action which gave cause for him to appear as a litigant in the Cook County Circuit Court's Domestic Relations Division.

15. His dissolution proceeding resulted in a decree of divorce in 2015, but his case remained pending in the Cook County Circuit Court's Domestic Relations Division for various post-decree issues.

16. Scannicchio assumed her role as the judge in Plaintiff's case after judgment was entered in 2015 and which was terminated in 2023.

17. On August 21, 2020, Plaintiff won full-time primary residential custody of the second of his children by Scannicchio's order of court.

18. Post-decree issues concluded by Scannicchio's order of court on September 8, 2020 which included her affirmation of sanctions she issued for Plaintiff having sought interventions which led to the successful winning of primary residential custody.

19. Scannicchio described her basis for sanctions in 2019 ("Scannicchio's Opinion") after Plaintiff voluntarily dismissed his pending motions for one of his requested remedies – an intervention for the children.

20. Thereafter, on October 8, 2020, Plaintiff timely filed a Notice of Appeal of the final order, *inter alia*, (the "Appeal").

21. Plaintiff timely filed his appellate brief which included his appeal of Scannicchio's Opinion and called into question her inability to fulfill her judicial duties as a result of ethical concerns raised by multiple other attorneys, including Stephen Ross, before the requisite state appellate court and ripe for adjudication as there were then no matters then before the trial court.

22. Here, the Justices empaneled to adjudicate the Appeal were all leaders and affiliated with the Illinois Judges Association (the "Justices") as members.

23. The majority of the Justices marketed their affiliation with the Illinois Judges Association and benefited from the organization and Scannicchio's acts.

24. The Justices all had a financial incentive to refuse to consider hearing Plaintiff's Appeal due to its impact on Scannicchio and the IJA.

25. The Justices never disclosed their relationship to Scannicchio nor their financial and professional incentives to ignore her ethical lapses or improper judgment, such as Scannicchio's Opinion or temporary visitation suspension without hearing (ongoing) from 2018, which she had to completely reverse for two of the five children.

26. During the pendency of the Appeal, Plaintiff filed an unrelated matter in the United States District Court for the Eastern District of Missouri related to, *inter alia*, a third-party media company and an investigation into Scannicchio's in-court conduct and her relationship with former

4

Alderman Ed Burke (the "Media Suit"). See Edward "Coach" Weinhaus v. ALABSeries.com, et al., Case No.: 4:22-cv-00115 (Jan. 31, 2022, E.D. MO.).

27. Shortly thereafter, upon information and belief, Scannicchio became aware of the Media Suit from another attorney appearing in her courtroom.

28. Thereafter, Scannicchio began contacting other judges within the circuit Court of Cook County, Illinois to discuss Plaintiff, his cases, and her opinion of him.

29. Shortly thereafter, upon information and belief, Scannicchio began to discuss Plaintiff, the Appeal, and the impact the Appeal would have on her and by extension the Illinois Judges Association if it were to proceed because, it relates to her reputation and conduct while acting under color of law.

30. Defendant Regina A. Scannicchio provides a benefit of services as a Director of the Illinois Judges Association and to all its members through her fulfilling of her duties to it.

31. Scannicchio and the Illinois Judges Association communicated their displeasure with Plaintiff and the risk he posed to them and the members to the Justices, through no less than Scannicchio's Order and, upon information and belief, through direct contact with the Justices prior to considering the Appeal.

32. As a result of Scannicchio's influence, the Illinois Judges Association's influence, and the Justices' financial incentives related to their membership in the Illinois Judges Association and Scannicchio's Board position therein, Plaintiff's Appeal was dismissed *sua sponte* without any concern for Plaintiff's equal protection of due process rights.

33. Plaintiff, like all litigants had a right to have an appeal impartially reviewed. Justices, based on consideration paid via the Illinois Justices Association and from Scannicchio,

5

instead decided that Scannicchio's Order itself was enough to refuse Plaintiff's right to have an appeal.

34. Thereafter, Plaintiff attempted to exhaust his state court rights but, his Petition for Leave to Appeal was met with further interference by the IJA and Scannicchio's reach as a Board Member.

35. Plaintiff's rights were violated by Scannicchio and the IJA because they knowingly and intentionally interfered with his constitutionally protected rights to equal protection and due process to safeguard their own pecuniary interests.

36. As a result of Defendant's conduct, Plaintiff was forced to expound tens of thousands of dollars in fees and costs and suffer emotional stress, distress, and trauma.

37. No litigant in the underlying matter is named herein.

38. No justice who removed Plaintiff's appellate rights is named herein.

39. No judge in any active matter before which Plaintiff is a litigant is named in this Complaint.

40. This matter cannot be intertwined with any case as there is no participant in any case named herein.[1]

41. This complaint does not seek damages against any judge for any judicial act.

## COUNT I
### Violation of Plaintiff's Fourteenth Amendment Right to Due Process
### Pursuant to 42 U.S.C.§ 1983

42. Plaintiff incorporates and restates his proceeding allegations as if they were fully set forth herein.

---

[1] This statement is important to help the Court address the Court's stated concern with the *Rooker Feldman* from ECF #15. In such manner as the Court determines *Rooker-Feldman* is implicated, Plaintiff seeks to challenge the current interpretation of *Rooker-Feldman* that would allow it to be applied to only strangers to an underlying case in a case for damages.

6

43. At all times the Illinois Judges Association was acting under the color of state law in its capacity performing public functions such as selecting members of judicial panels and writing state ethics rules as an arm of the state. The Illinois Judges Association also acted under the color of state law under the state compulsion to follow the rules and rely upon the Illinois Judges Association-dominated ethics commission while marketing the Illinois Judges Association on its website. The Illinois Judges Association's and leadership are so intertwined with the Illinois Supreme Court are intertwined in such a manner as to make the Illinois Judges Association indistinguishable from the state.

44. At all times Defendant Regina Scannicchio was acting under the color of state law as a Director of the Illinois Judges Association while serving as a judge.

45. Plaintiff had a Constitutionally protected right to Equal Protection Under the Law and Due Process before an impartial judiciary.

46. Defendants intentionally interfered with Plaintiff's rights without any legal right to do so.

47. As a result of Defendants' interference with Plaintiff's rights, he has suffered considerable damage in the form of emotional stress and distress, and considerable financial expense including attorney's fees prior to this action and for it.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Edward "Coach" Weinhaus, respectfully requests that the Court find:

a) Defendants violated his rights to Equal Protection of the Law and Due Process under the Fourteenth Amendment to the Constitution;

b) Any damages proximately caused by Defendant's deprivation of Plaintiff's rights; and

7

c) For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the United States Constitution and Federal Rule of Civil Procedure 38, Plaintiff Edward "Coach" Weinhaus hereby demands a trial by jury on all claims herein.

Dated: July 22, 2024

Respectfully Submitted:

*s/ Antonio Valiente*
Antonio Ernesto Valiente-Rivera

Antonio Ernesto Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326[2]
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, PR 00901
Tel: +1 787 782-9544
Email: lcdoavaliente@live.com

---

2. Attorney Valiente apologizes for not updating the Court upon his admission on or about April 30, 2023, 12 days after initial filing of which the Court was unaware in its order of June 28, 2024. (ECF #15).