**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Argued June 4, 2025
Decided June 18, 2025

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH, *Circuit Judge*



| | |
|---|---|
| No. 24-2473 | |
| EDWARD WEINHAUS,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 1:24-cv-03061 |
| REGINA A. SCANNICCHIO and ILLINOIS JUDGES ASSOCIATION,<br>*Defendants-Appellees*. | John Robert Blakey,<br>*Judge*. |

### O R D E R

Edward Weinhaus was ordered to pay attorney's fees and costs to his ex-wife following the conclusion of their divorce proceedings. After an unsuccessful appeal in state court, Weinhaus brought this federal suit against the judge who entered the order and the Illinois Judges Association (a professional development organization), alleging violations of his constitutional rights to due process and equal protection. *See* 42 U.S.C. § 1983.

The following facts are drawn from Weinhaus's amended complaint, taken as true, and from state-court filings, of which this court may take judicial notice. *See Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022). Weinhaus initiated divorce proceedings in the Circuit Court of Cook County. After a decree of divorce was issued, various post-decree matters were resolved by Judge Regina Scannicchio.

Weinhaus's ex-wife then petitioned for attorney's fees and costs based on Weinhaus's litigiousness during the proceedings. Judge Scannicchio granted the petition and ordered Weinhaus to pay $25,000. Weinhaus appealed, but the Illinois Appellate Court dismissed the appeal. Weinhaus sought leave to appeal to the Illinois Supreme Court, but his petition was denied.

Weinhaus then filed suit in federal court under 42 U.S.C. § 1983, alleging that the defendants violated his equal protection and due process rights under the Fourteenth Amendment by interfering with his right to an impartial appeal. According to Weinhaus, Judge Scannicchio conspired with fellow judges in the Illinois Judges Association to convince the appellate court to dismiss his appeal. He sought damages for the "financial injury" caused by litigation costs and the order to pay attorney's fees.

The district court later dismissed the complaint as barred under the *Rooker-Feldman* doctrine. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). The court explained that the substantive allegations in Weinhaus's complaint necessarily questioned the validity of a state-court judgment. The court gave Weinhaus a chance to amend his complaint but found that the amended complaint still implicated the *Rooker-Feldman* doctrine and dismissed the case.

On appeal, Weinhaus challenges the district court's *Rooker-Feldman* analysis, but Weinhaus's amended complaint is subject to dismissal regardless because it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Weinhaus broadly alleges conspiracy and interference but fails to support these claims of wrongdoing with any factual conduct within his personal knowledge. Conclusory labels are insufficient to satisfy Federal Rule of Civil Procedure 8(a)(2). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). His complaint includes no factual allegations that would support a reasonable inference that the defendants are responsible for the state court dismissing his appeal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (declining to take as true the conclusory allegation "upon information and belief" that companies had entered a conspiracy without enough facts to make that statement plausible); *see also Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.

2007). Without more, Weinhaus's "allegation[s] of parallel conduct and bare assertion[s] of conspiracy" are insufficient. *Twombly*, 550 U.S. at 551, 556.

AFFIRMED